**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | |
| Plaintiff, | Case No.: 2:16-cv-00121-GMN-PAL |
| vs. | **ORDER** |
| LIMMIE YOUNG, III, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss, (ECF No. 18), filed by Defendants Audra Duvall and Michael Duvall (collectively "Defendants"). Plaintiff United National Insurance Company ("Plaintiff") filed a Response, (ECF No. 20), and Defendants filed a Reply, (ECF No. 21). For the reasons set forth herein, Defendants' Motion to Dismiss is **DENIED**.

**I.     BACKGROUND**

On January 22, 2016, Plaintiff filed the instant declaratory judgment action before this Court. Thereafter, Plaintiff improperly attempted service by delivering the copies of the summons and complaint to defense counsel's office. (*See* Nielsen Decl. ¶¶ 3–4, Ex. 1 to Pl.'s Resp., ECF No. 20-1). Defendants' counsel informed Plaintiff that service was improper but allegedly agreed to accept service at an unspecified later date. (*Id.*). Throughout the next several months, Plaintiff sent Defendants multiple letters in an attempt to reach a settlement agreement. (*Id.* ¶¶ 5–8). After efforts to reach an agreement failed, however, Plaintiff re-served Defendants on October 18, 2016. (Pl.'s Resp. 4:5–7, ECF No. 20; *see also* Summons, ECF Nos. 12, 13). On November 8, 2016, Defendants filed this Motion seeking to dismiss Plaintiff's Complaint for untimely service pursuant to Federal Rule of Civil Procedure ("FRCP") 4(m). (Mot. to Dismiss 1:18–24, ECF No. 18).

## II. LEGAL STANDARD

FRCP 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. Under FRCP 4(m), "[i]f a defendant is not served within ninety (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

"[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all." *Cambridge Holdings Group v. Federal Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007). Although Rule 4 is a flexible rule, "without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

When a defendant challenges service, the Plaintiff bears the burden of establishing the validity of service under FRCP 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In granting a Rule 12(b)(5) motion, the court may either dismiss the action without prejudice or retain the action and permit the plaintiff to cure the defects. *See* Fed. R. Civ. P. 4(m); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

## III. DISCUSSION

In the instant Motion, Defendants argue that the action against them should be dismissed because Plaintiff failed to complete proper service within ninety (90) days of filing the Complaint.[1] (Mot. to Dismiss 1:18–24). In support of this argument, Defendants assert that they were prejudiced by their belief that Plaintiff "no longer wished to proceed forward with

---

[1] In their Reply, Defendants also argue that certain portions of Plaintiff's opposition should be stricken for including settlement discussions. In reaching the instant ruling, the Court does not rely on these contested portions. To the extent Defendants believe these discussions should not be part of the public record, Defendants may bring a separate motion to strike.

the Declaratory Relief action given the time that had passed." (*Id.* 3:17–20). Specifically, Defendants note that this action stems from "traumatic incidents" that Defendants have tried to forget. (*See* Defs.' Reply 3:2–4, ECF No. 21). In response, Plaintiff contends that dismissal is improper because there exists good cause and justifiable excuse for the delay in service, and the dismissal would only result in a duplicative action against Defendants. (Pl.'s Resp. 7:11–16).

When a plaintiff has failed to properly serve defendants within the proscribed time period, the Court must decide whether to grant an extension for service or dismiss the action. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (stating that courts have broad discretion to extend time or dismiss under FRCP 4(m)). In making this determination, courts look to whether a plaintiff has provided "good cause" for the failure to effect service. *See* Fed. R. Civ. P. 4(m); *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987). At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A court may also look at whether "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for a failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984).

Here, the Court finds that Plaintiff has shown excusable neglect for its failure to complete proper service within the required period pursuant to FRCP 4(m). Notably, Plaintiff provided actual notice of the lawsuit through the attempted service on March 23, 2016, and continued to correspond with Defendants in a good faith attempt to reach a settlement. After discussions were unsuccessful, Plaintiff did ultimately properly serve Defendants on October 18, 2016. While the Court is sympathetic to Defendants' desire to move beyond litigation, the delay in service does not amount to legal prejudice to Defendants' ability to defend against the action. Furthermore, as the statute of limitation for declaratory relief would not prevent Plaintiff from refiling a duplicate action, it would be an inefficient use of judicial resources to dismiss the Complaint without prejudice. *See Dredge Corp. v. Wells Cargo*, 80 Nev. 99, 102

(1964); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'").

Based on the foregoing, and pursuant to FRCP 4(m), the Court will retroactively extend Plaintiff's time to complete service to October 18, 2016—the date Plaintiff properly served Defendants. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (the court may extend the deadline for service of process retroactively).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 18), is **DENIED**.

**DATED** this __30__ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge