**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | Case No.: 2:16-cv-00121-GMN-PAL |
| Plaintiff, | |
| vs. | **ORDER** |
| LIMMIE YOUNG, III, *et al.*, | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 27), filed by Plaintiff United National Insurance Company ("United National"). Defendants Audra Duvall and Michael Duvall (collectively "the Duvalls") did not file a response. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

This declaratory judgment action arises from a lawsuit filed in Clark County District Court, styled *Duvall, et al. v. Aposseadesse III, LLC, et al.,* case no. A-13-681072-C ("the *Duvall* Action"). At all times relevant to this case, Defendant Limmie Young, III ("Young") was employed as a masseuse by Defendant Aposseadesse III, LLC ("Aposseadesse"). (*See* Duvall Compl. ¶ 14, Ex. 1 to Nielsen Decl., ECF No. 28-1). On May 8, 2011, Young allegedly engaged in inappropriate and sexual acts against Audra Duvall while administering a massage at Aposseadesse. (*Id.* ¶¶ 14–25). This incident became the subject matter of the state court lawsuit. (*Id.*).

In March 2016, the *Duvall* Action proceeded to a jury trial, and the jury returned a verdict in favor of Audra Duvall and Michael Duvall. (Jury Verdict, Ex. 2 to Nielsen Decl., ECF No. 28-2). The jury awarded $59,675 in general damages and $100,000 in punitive

damages to Audra Duvall and $750 in general damages to Michael Duvall. (Judgment 2:13–3:23, Ex. 5 to Nielsen Decl., ECF No. 28-5). The punitive damages were awarded based on a finding that both Aposseadesse and Young "engaged in oppressive or malicious conduct" against Audra Duvall. (Punitive Verdict Form, Ex. 3 to Nielsen Decl., ECF No. 28-3).

Throughout the underlying litigation, United National defended Aposseadess as the named insured on a contract of professional liability insurance. (Mawby Decl. ¶¶ 4, 5, ECF No. 29). On January 22, 2016, United National filed the instant declaratory judgment action, seeking a declaration regarding its contractual and financial obligations in the underlying lawsuit. (Compl., ECF No. 1). Defendants Young and Aposseadesse failed to respond to the Complaint, and the Court granted United National's Motions for Entry of Clerks Default against those parties. (ECF Nos. 16, 17). On July 31, 2017, United National filed its Motion for Summary Judgment against the Duvalls. (ECF No. 27).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

In the instant Motion, United National seeks a declaration regarding its remaining obligations towards the *Duvall* Action. (*See* Pl.'s MSJ 1:24–2:5, ECF No. 27). In ruling on this Motion, the Court must evaluate two issues: (1) whether United National's policy with Aposseadesse affords indemnity for punitive damages; and (2) whether United National has fulfilled its obligations towards the *Duvall* Action judgment. The Court addresses each issue in turn.

### a) Punitive Damages

United National argues that its indemnity obligation under the insurance contract does not extend to the $100,000 punitive damages award. (Pl.'s MSJ 7:3–10). In interpreting contracts, courts "should not rewrite contract provisions that are otherwise unambiguous." *Id.*; *see also Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990) ("[C]ontracts will be construed from the written language and enforced as written."). With respect to insurance contracts, "[p]olicy terms should be viewed in their plain, ordinary and popular connotations." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). Contractual construction is a question of law and "suitable for determination by summary judgment." *Ellison*, 797 P.2d at 977.

The insurance contract states that United National agrees to "pay those sums that the insured becomes legally obligated to pay as 'compensatory damages' to which no other insurance applies, as a result of a 'wrongful act.'" (Agreement at 25, Ex. 1 to Mawby Decl.

ECF No. 29-1). Compensatory damages are expressly defined to exclude "damages imposed upon the insured as punitive or exemplary damages for wanton, willful, outrageous, malicious or reckless conduct or for gross negligence." (*Id.* at 27).

Here, the jury in the *Duvall* Action awarded punitive damages based on a finding that Aposseadesse and Young "engaged in oppressive or malicious conduct." (Punitive Verdict Form, Ex. 3 to Nielsen Decl., ECF No. 28-3). Accordingly, based on a plain reading of the insurance contract, United National's indemnity obligation does not extend to the punitive damage portion of the *Duvall* Action judgment.

### b) Remaining Obligations

The judgment in the *Duvall* Action consists of three elements: (1) the court-awarded litigation costs; (2) the general damages award; and (3) the punitive damages. (*See* Judgment 2:13–3:23, Ex. 5 to Nielsen Decl.). United National argues that it has fulfilled its obligations by paying the full judgment aside from the punitive damages. (Pl.'s MSJ 6:25–3:7). The Court agrees.

On July 17, 2017, United National sent the Duvalls' attorney two checks totaling $86,211.02, which represented the general damages and litigation costs, along with the accrued interest. (Payment, Ex. 6 to Nielsen Decl., ECF No. 28-6). The Court finds no basis to believe these checks were not properly tendered and received. Accordingly, the Court finds that United National has satisfied its payment obligations and grants United National's Motion for Summary Judgment on this issue.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that United National's Motion for Summary Judgment, (ECF No. 27), is **GRANTED** consistent with the foregoing.

/ / /

/ / /

**IT IS FURTHER ORDERED** that United National must file a status report within 30 days from the issuance of this Order detailing any outstanding issues in this case. Specifically, Untied National should address whether it intends to seek default judgment against the remaining parties.

DATED this __26__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge